**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6922**

_____

ROBBIE LYNN NEWBY,

        Petitioner - Appellant,

    v.

DAVID LEU, Warden,

        Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie David Alston, Jr., District Judge.  (1:24-cv-00225-RDA-WBP)

_____

Submitted:  March 26, 2026                Decided:  March 31, 2026

_____

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Robbie Lynn Newby, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robbie Lynn Newby, a federal prisoner, seeks to appeal the district court's order denying his 28 U.S.C. § 2241 petition in which he challenged the calculation of his sentence. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on February 27, 2025, so the appeal period expired on April 28, 2025. Newby filed his notice of appeal on October 17, 2025.[1] Because Newby failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal of the order denying Newby's § 2241 petition.[2]

---

[1] For the purpose of this appeal, we assume that the date appearing on the envelope containing the notice of appeal is the earliest date Newby could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The record establishes that Newby did not receive the district court's order until on or around May 19, 2025. But Newby did not seek to reopen the appeal period within 14 days, as required under Rule 4(a)(6)(B).

2

Newby's notice of appeal, however, was timely as to the district court's order denying his Fed. R. Civ. P. 60(b) motion.[3]  Limiting our review to the issues raised in Newby's informal brief, we find no reversible error.  *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under [4th Cir. R. 34(b)], our review is limited to issues preserved in that brief.").  Accordingly, we affirm the district court's order denying Newby's Rule 60(b) motion.  *Newby v. Leu*, No. 1:24-cv-00225-RDA-WBP (E.D. Va. filed Oct. 8, 2025 & entered Oct. 9, 2025).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[3] Newby contends that the district court should have construed his motion for reconsideration as a timely motion under Fed. R. Civ. P. 59(e).  But such a motion "must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), and that deadline cannot be extended, Fed. R. Civ. P. 6(b)(2).  Accordingly, the court properly construed the motion as arising under Rule 60(b).

3